**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-22918-CV-MIDDLEBROOKS

DANIEL DUMOND,

    Plaintiff,

v.

MIAMI-DADE POLICE DEPARTMENT, THE
MIDWEST DIVISION-KENDALL DISTRICT,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT**

**THIS CAUSE** comes before the Court on Plaintiff Daniel Dumond's ("Plaintiff") *pro se* civil rights amended complaint pursuant to 42 U.S.C. § 1983 ("Amended Complaint") alleging violations of his constitutional rights by K-9 Bane, Officer Arrowsmith William ("Officer William"), the Miami-Dade Police Department, Midwest Division, Kendall District ("MDPD"), and unidentified police officers.[1] [ECF No. 7]. For the reasons discussed below, the Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

---

[1] Although Plaintiff names the Miami-Dade Police Department, the Midwest Division-Kendall District ("MDPD") as a Defendant in the caption of the Complaint, Plaintiff alleges no specific conduct or act on the part of the MDPD, therefore, the complaint should be dismissed against the MDPD even under the liberal construction to be given to *pro se* complainants. *See Todd v. Navarro,* No. 87-6151-CIV, 698 F. Supp. 871, 876 n. 3 (S.D. Fla. Mar. 31, 1988) (citing *Potter v. Clark,* 497 F.2d 1206 (7th Cir.1974)). Also, as discussed in this Order, MDPD should be dismissed because it lacks the capacity to be sued in a suit for damages under § 1983. *See Dean v. Barber,* 951 F.2d 1210, 1214-15 (11th Cir. 1992) (holding that "police departments are not usually considered legal entities subject to suit); *see also Fla. City Police Dep't v. Corcoran,* 661 So. 2d 409, 410 (Fla. 3d DCA 1996) (dismissing action against police department because "[t]he Police Department does not have the capacity to sue and be sued.").

## I. STANDARD OF REVIEW

*Pro se* pleadings must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, the leniency afforded *pro se* litigants does not permit a court to construct a litigant's legal arguments or otherwise rewrite deficient pleadings in order to sustain an action. *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011). Even when liberally construed, *pro se* pleadings "must still comply with procedural rules governing the proper form of pleadings." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (accord) (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam)).

Because the Plaintiff is a pre-trial detainee, seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. §1915A; *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam). Title 28 U.S.C. § 1915A authorizes dismissal of a prisoner's civil action complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(b)(1). An action is frivolous if it "lacks an arguable basis either in law or fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (internal quotations omitted). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has clarified that while the pleading standard of Rule 8 "does not require 'detailed factual allegations,'" it does demand "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, a complaint "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## II. DISCUSSION

### A. Factual Allegations

With the foregoing legal standards in mind, the Court turns to the instant Amended Complaint. [ECF No. 7]. Plaintiff alleges that during his September 21, 2020 arrest, he was "bitten" by K-9 Bane while Plaintiff's hands were on a fence. [*Id.* at p. 5]. Plaintiff alleges he was knocked down, then kicked and punched by multiple unidentified officers, whose identities were not disclosed to him by Sergeant Pedro Guerra ("Sgt. Guerra"), the lead investigator. [*Id.*]. As a result of the alleged beating, Plaintiff maintains he requires a cane to walk long distances, suffered permanent disfigurement to his right inner thigh, and suffers from blurry vision, migraine headaches, lower back pain, as well as mental and emotional depression and anxiety. [*Id.* at pp. 5-6]. Plaintiff seeks compensatory damages and requests that criminal prosecution be brought against the unidentified officers who beat him. [*Id.* at p. 7].

### B. Improper Parties

As filed, the Amended Complaint does not state a claim upon which relief can be granted. First, K-9 Bane is not a person subject to suit under § 1983. *See Jones v. Fransen,* 857 F.3d 843, 858, n. 9(11th Cir. 2017) (finding a dog is not a person subject to suit under § 1983) (quoting *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001) (citation omitted)  Second, Plaintiff fails to provide any facts relating to how Officer William violated his constitutional rights. Accordingly, the Amended Complaint is DISMISSED against K-9 Bane and Officer William. *See Jackson v. Bank of America,* 898 F.3d 1348, 1356 (11th Cir. 2018).

Further, Plaintiff again improperly sues the MDPD. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). The Eleventh Circuit has long held that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean,* 951 F.2d at 1214 (citations omitted); see also Fed. R. Civ. P. 17(b). In Florida, a police department lacks the legal capacity to be sued. *See Fla. City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. 3rd DCA 1995) (dismissing action against police department because "[t]he City correctly asserts that the Florida City Police Department is not a proper defendant in a suit for damages because the Police Department does not have the capacity to sue and be sued."). Although MDPD is listed in the caption of the Amended Complaint, Plaintiff provides no allegations as to this Defendant. In any event, because the MDPD is not a legal entity amenable to suit, Plaintiff fails to state a § 1983 claim upon which relief may be granted against the MDPD. Thus, the MDPD is DISMISSED.

**C.     Fictitious Party Pleading**

Plaintiff alleges that he was brutally beaten by several unidentified officers. He neither identifies the gender, nor does he provide any other physical description of the officers he claims to have brutally beaten him. As a general matter, fictitious-party pleading is not permitted in federal court. *See Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (citing *e.g., New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n. 1 (11th Cir.1997)). However, the Eleventh Circuit has created a limited exception to this rule when a plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." *See Id.* (quoting *Dean v. Barber,*

951 F.2d 1210, 1215–16 (11th Cir.1992)). Plaintiff has not identified or otherwise described the multiple officers he claims to have beaten him on September 21, 2020. Thus, the Amended Complaint is DISMISSED as to the unidentified officers.

### D. <u>Leave to Amend</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that a court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Shipner v. Eastern Air Lines, Inc.,* 868 F.2d 401, 406–407 (11th Cir.1989) ( "Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."). Nonetheless, the Court may deny leave to amend for a variety of reasons including undue delay, bad faith, undue prejudice to the Defendant, a repeated failure to cure deficiencies by amendments previously allowed, or futility. *Foman,* 371 U.S. at 182; *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1263 (11th Cir.2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quoting *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir.1999)). Because Plaintiff was previously granted leave to amend and this Amended Complaint has not cured the deficiencies previously identified by the Court, no further leave to amend will be granted.

### III. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Plaintiff's Amended Complaint [ECF No. 7] is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted;

    2.    All pending motions are **DENIED AS MOOT;** and,

    3.    The Clerk of Court is instructed to **CLOSE THIS CASE**.

**SIGNED** in Chambers at West Palm Beach, Florida on this 16th day of September, 2021.

Donald M. Middlebrooks
United States District Judge

cc:
Daniel Dumond, *Pro Se*
Inmate Jail #200145372
Miami-Dade County-Metro-West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178